## Wolff and Forney *versus* Stover et al.

A judgment was recovered against A., B. and C. on a joint and several note signed by them. At A.'s request, and without the knowledge of B. and C., D. and E. entered recognizance for stay of execution, on which recognizance the plaintiffs subsequently recovered judgment against said D. and E. Afterwards the plaintiffs collected the debt from B. and C. and assigned both judgments to them. B. and C. averring that they were sureties merely on the original note, and that by the interposition of the bail for stay of execution, without their knowledge, they had been compelled to pay A.'s debt, sought to revive and enforce said judgment against D. and E. :

*Held*, that the liability of D. and E. on the recognizance had been discharged by the payment of the original judgment by B. and C , and that the latter were not entitled to recover.

June 10th, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ..

ERROR to the Court of Common Pleas of *Franklin county :* Of May Term, 1884, No. 12.

Scire facias to revive a judgment, originally obtained by the administrators of John Downin, deceased, against Andrew S. Stover and Samuel G. Stover, on a recognizance for stay of execution of a certain other judgment, and subsequently assigned to James P. Wolff and L. S. Forney, who were the use plaintiffs in this scire facias. Pleas, payment, payment with leave, etc.

On the trial, the following facts appeared from the records and testimony submitted on behalf of the plaintiffs :—

On September 14th, 1877, the administrators of John Downin obtained a judgment against George Stover, James P. Wolff, and L. S. Forney, on a joint and several promissory note signed by them.

On October 14th, 1877, security for stay of execution on said judgment was entered by Andrew S. Stover and Samuel G. Stover, the recognizance being as follows :—

" We acknowledge ourselves bound as bail absolute in the sum of $217.50 for stay of execution in above case, conditioned on payment of debt, interest, and costs at the expiration of the legal stay thereof, in the event defendant fails to pay the same."

After the expiration of the stay, Downin's administrators issued a scire facias on said recognizance and recovered judgment against Andrew S. Stover and Samuel. G. Stover, this being the judgment now sought to be revived.

Subsequently, on October 11th, 1878, Downin's administrators issued a fi. fa. on their original judgment, when the said Wolff and Forney, two of the defendants therein, paid the

[Wolff v. Stover.]

amount thereof, and took from the plaintiffs assignments both of the original judgment and of the judgment on the recognizance against Andrew S. and Samuel G. Stover.

On September 8th, 1882, said Wolff and Forney issued this scire facias to revive the judgment on the recognizance against Andrew S. and Samuel G. Stover.

The plaintiffs, Wolff and Forney, testified that, although the said promissory note given by George Stover and themselves to Downin's administrators was on its face a joint and several note, yet in fact George Stover was the principal debtor, and they were sureties merely; that it was at the sole request of George Stover that said Andrew S. and Samuel G. Stover became sureties for stay of the judgment entered on said note without their knowledge or consent. They further averred that at the time said stay of execution was entered the amount of the judgment could have been realized by execution against George Stover, who, however, soon afterwards became insolvent. They therefore claimed, that as the interposition of Andrew S. and Samuel G. Stover as bail for stay of execution, for the sole benefit of the principal debtor, George Stover, had involved them, as sureties, in ultimate liability for the debt, which they had been compelled to pay under execution, they were entitled to be subrogated to the plaintiff's remedies, not only as against the principal debtor, but also as against Andrew S. and Samuel G. Stover, as bail absolute for stay of execution.

It was not shown that Andrew S. and Samuel G. Stover, when they entered recognizance for stay of execution, had notice or knowledge that Wolff and Forney were sureties on the original note, on which a general judgment against all three defendants had been entered, as aforesaid.

The defendants offered no evidence. The court charged the jury, inter alia, as follows:—

"The plaintiffs have offered their evidence in this case, and the defence have offered no evidence in reply. I am of opinion that the plaintiffs, from what they have been able to make out, are not entitled to a verdict at your hands. . . . . . Now it will not be contended that the fact that the money was not paid at the time of the legal stay of execution, but when the subsequent execution was brought against the defendants, a judgment against the Stovers puts the defendants in any better shape than they would have been if they had paid before the last judgment had been obtained,—the simple fact would not have put the defendants in better condition than if they had paid before the later judgment, and taken a transfer of that original judgment, and issued a scire facias against the sureties for the stay of execution. And since it could not be

contended that these defendants were liable by virtue of the terms of the recognizance—because by virtue of the very terms of the recognizance they were only to be liable in the event that the defendants did not pay, (and the defendants had paid,) it must be said that they are liable because of some other reason; and it is said that they are so liable, because by their act these sureties in the original judgment were prejudiced,—that by the intervention of the sureties for stay of execution, the original sureties in that judgment suffered or might have suffered harm; and upon that notion it is, that it is supposed the plaintiffs here have a right to look to the sureties for stay of execution. But I am of opinion that it is not in fact so, that the original sureties under the original judgment were prejudiced by the action of the bail for stay of execution entered. I am of opinion that if Mr. Stover procured his brothers to come there and become bail for the stay of execution for all the defendants, though it was without the knowledge or assent of the two defendants, Messrs. Forney and Wolff, that they were not and could not have been prejudiced thereby. . . . . . Hence I have given my reasons for claiming the opinion that the plaintiffs ought not to be subrogated in this case to the rights of the original plaintiffs as against the defendants in this case, who were the sureties for stay of execution, and your verdict will therefore be for the defendants."

Verdict, accordingly, for the defendants, and judgment thereon. The plaintiffs took this writ of error, assigning for error the portions of the charge above quoted.

*F. M. Kimmell* and *John Stewart* (*Brewer & Gehr* with them), for the plaintiffs in error.—Where the interposition of bail for stay of execution is the means of hindering or delaying the payment of the debt, such bail has less equity than one who has been a prior surety. A surety who is compelled to pay the debt is, in such case, entitled to all the plaintiff's remedies against the principal and against the bail for stay of execution: Pott *v.* Nathans, 1 W. & S. 155; Burns *v.* Huntingdon Bank, 1. Pa. Rep. 395; McCormick's Adm'r *v.* Irwin, 11 Cas. 111; Com'th *v.* Haas, 16 S. & R. 252; Armstrong's App., 5 W. & S. 352; Geoghegan *v.* Reid, 2 Wh. 152; Schnitzel's App., 13 Wr. 23; Keely *v.* Cassidy, 12 Nor. 318; Mosier's App., 6 P. F. S. 76; Hess's Est., 19 Id. 272.

*Stenger, McKnight & Ruthrauff,* and *Brewer & Winger,* for the defendants in error.—The only authority in point is Schnitzel's Appeal, 13 Wr. 23, cited by plaintiffs in error, and while the facts of that case are distinguishable from the facts

[Wolff v. Stover.]

in this, the principles which underlie the decision in that case should carry the case at bar in favor of the defendants. In Schnitzel's Appeal the record of the judgment showed that Berg was the principal debtor and Mast the surety; and the proof was that Schnitzel became bail for stay of execution at the request of Berg, for his sole protection and against the protest of Mast; and that Berg gave Schnitzel indemnity against the risk he thus took. It was clear that Schnitzel knew that he was becoming sponsor for Berg alone, and he protected himself accordingly. In the case at bar the record of the judgment shows that George Stover, James P. Wolff and Lewis S. Forney were joint and several debtors; and the proof is that the defendants here became bail for the stay of execution for *all* the defendants, without any indemnity from either of them, and without any knowledge of the relations of the defendants in the judgment, except what was shown by the record. It is clear that the defendants here did not know that in entering bail for stay they were imperilling any rights of Wolff or Forney, and they never dreamed that they were becoming sponsors for George Stover alone. They became bail for *all three defendants* willingly, and asked no indemnity. But in Schnitzel's Appeal it was urged that Berg and Mast were bound by the *same* judgment, and as Schnitzel became bail for them *jointly*, that Mast by paying the judgment acquired no right of subrogation against him. The court (WOODWARD, C. J.), in delivering the opinion, say: "If the facts justified the position there would be considerable force in it, but the record of the original judgment showed that Berg was the principal debtor and Mast the surety, and the Auditor reports that Schnitzel became bail at Berg's instance, &c." We submit that the facts in the case at bar are not only such as to "justify the position" that would have "considerable force in it," but they are such as fall within the principle underlying the decision of Schnitzel's Appeal. The bail entered in the case at bar was on a joint and several judgment, for the benefit of *all* the defendants therein; without objection from any of them; and without indemnity or request for the same on the part of those who entered it. We submit, therefore, that neither by the terms of the recognizance of bail, nor on the ground of superior rights or equities, nor by the authority of decided cases, are the plaintiffs here entitled to judgment against the defendants.

Chief Justice MERCUR delivered the opinion of the court, October 6th, 1884.

The plaintiffs and one George Stover jointly and severally

11 OUTERBRIDGE.—14

[Brake *v.* Crider.]

executed the promissory note on which suit was brought against all the makers, and judgment was recovered thereon. The defendants became bail for stay of execution, and entered into recognizance conditioned that they would pay the judgment, in the event the defendants therein failed to pay the same. After the term of stay had expired, two of the defendants in the judgment, who are the present equitable plaintiffs, paid the same and now seek to collect the amount thereof out of the sureties on their recognizance. The court correctly instructed the jury to find for the defendants. They had no knowledge of the relation which the defendants in the original judgment bore to each other. When they entered into the recognizance they did not know that the present plaintiffs were sureties. They therefore assumed the obligation, relying on the credit of all the defendants in that judgment. As all of those defendants did not fail to pay the judgment, those who did pay the same, cannot now collect the amount thereof of the present defendants on their recognizance.

The fact that the judgment was not paid until after the expiration of the stay of execution does not change the rights of the defendants therein. A payment, at any time, by them, operated as a discharge of the contingent liability of those bound by the recognizance.

Judgment affirmed.